UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandon Urso,                                                      Case No. 15-cv-2459

        Plaintiff

   v.                                                     MEMORANDUM OPINION

North Coast Professional Co., LLC,
d/b/a: Firelands Physician Group,

        Defendant

## I. INTRODUCTION

Plaintiff Brandon Urso seeks to amend his complaint to add a claim of defamation. (Doc. No. 34). Defendant North Coast Professional Co., LLC opposes the motion. (Doc. No. 36). Urso filed a reply. (Doc. No. 38). For the reasons stated below, Urso's motion is denied.

## II. BACKGROUND

On October 29, 2015, Urso filed a complaint against North Coast arising from incidents surrounding Urso's employment and termination by North Coast. (Doc. No. 1-1). I held a case management conference with counsel on January 25, 2016, and issued a scheduling order pursuant to Rule 16(b). (Doc. No. 9). The deadline for amending the pleadings was set at that time for March 29, 2016; the initial discovery deadline, July 29, 2016. *Id.* At the unopposed motion of North Coast, the discovery deadline was extended to October 31, 2016. (Doc. No. 18). Urso moved to amend his complaint ten days before the extended discovery deadline. (Doc. No. 34).

### III.  STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. Pro. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. Pro. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings.  Fed. R. Civ. Pro. 16(b)(3).  The scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Pro. 16(b)(4).  In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (*citing Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary*, 349 F.3d at 909.

### IV.  ANALYSIS

The primary issue before me is whether Urso had "good cause" sufficient to justify the delay in amending the complaint.  "Good cause" does not exist when the plaintiff "was aware of the facts

2

underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. American Red Cross*, 567 Fed. Appx. 296, 306 (6th Cir. 2014); *see also Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) (denying plaintiff's motion to amend the complaint, stating "The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made part of the complaint."). Here, Urso was clearly aware of the facts regarding the defamation claim as he chose to include them in his initial complaint, specifically referring to the incident as "defamatory." (Doc. No. 1-1 at 16-17). Urso now contends he did not "have a good faith basis to believe all elements of the defamation cause of action could be proven" at the time the initial complaint was filed. (Doc. No. 34 at 5).

Even if I am to consider Urso's lack of "good faith basis" as a legitimate explanation for failing to bring the defamation claim in the initial complaint, I cannot ignore the lack of diligence to assert the claim within the amendment period set out in the scheduling order. Two months lapsed between the case management conference and the deadline for amending the pleadings. Urso provides no explanation as to why no action was taken during this period with regard to the defamation claim. In fact, Urso did not send the initial discovery request until April 22, 2016, nearly one month after the March 29, 2016 amendment deadline. (Doc. No. 34-3 at 13).

While Urso cites diligence during discovery as grounds for "good cause," the discovery period is not at issue when considering motions of this nature. Even so, the facts do not support a finding of diligence at this stage either. Urso claims he received a text message from Christina Tanna on January 22, 2015, the day the alleged defamatory training session occurred. Although he knew Ms. Tanna had knowledge of the training that may give rise to a defamation claim, Urso did not depose her until October 12, 2016, over twenty months after receipt of the text and nearly seven months after the deadline for amending the pleadings. (Doc. No. 29).

When addressing the delay in taking the deposition, Urso relies on North Coast's opposition throughout the discovery period. (Doc. No. 38 at 6-7). Specifically, he states he believed an earlier

3

request for Ms. Tanna's deposition would have been denied by North Coast and therefore futile. *Id.* at 6.  Further, Urso claims he did not seek a motion to compel because the relevance of the evidence was "questionable, at best." *Id.* at 7.  The explanations offered for the delay are hardly indicative of a diligent effort to acquire the facts necessary to establish a defamation claim.  The lack of diligence during not only the period for amending the complaint, but also the discovery period, does not support a finding of "good cause" sufficient to permit an amendment to the complaint.

Further, with respect to the issue of prejudice to the opposing party, I agree with North Coast's position.  Throughout the period of discovery, Urso continually asserted that the information requested regarding the training in question was for the purpose of assessing damages, not in pursuit of asserting another claim in the action.  (Doc. 34-3 at 35-36, 44, 49).  In July 2016, North Coast addressed the absence of a defamation claim in the complaint opposing a discovery request. (Doc. No. 34-3 at 43). Urso did not choose to file this motion until ten days prior to the discovery deadline in October 2016.  (Doc. No. 34).  A claim of defamation would come with the time and expense of additional discovery, even if it is "relatively straightforward" as Urso asserts. (Doc. No. 38 at 8).  I see no compelling explanation to continue to delay the progress of this action and possibly prejudice North Coast.

### V.  CONCLUSION

I find Urso has not shown "good cause" for failing to amend the complaint within the period required by the scheduling order. Allowing the amendment at this late stage also carries the possibility of prejudice to North Coast.  The motion to amend the complaint (Doc. No. 34) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
